IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL L. BLACKBURN,**

      **Plaintiff,**

      v.                                        CASE NO. 24-3181-JWL

**BRADLEY WAGGONER, Police Officer,**
**Neodesha Police Department, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael L. Blackburn is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wilson County Jail in Fredonia, Kansas. Plaintiff has since been released from custody. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that around the beginning of February 2024, he was notified that his 1997 Mallard camper trailer was being winched to the edge of the private property where it was stored. (Doc. 1, at 2.) Plaintiff turned on his police scanner and heard Defendants Waggoner and Tomlinson stating that the owner of the property stated that the trailer was to be moved immediately. *Id*. at 2–3. Plaintiff states that he attempted to go to the property to interject but did not make it in time. He alleges that it was muddy on the day of the move and as a result of the tow company hooking a winch to Plaintiff's trailer and pulling it to the edge of the property,

1

the axles were bent "and somehow while taking it to storage caused significant damage to the rear wall of the travel trailer." *Id*. at 4.

Plaintiff alleges that he had permission to park his trailer on the property pursuant to a verbal agreement with the owner of the property, but he was unaware that the owner had become deathly ill and is now deceased. *Id*. at 3–4. He argues that the Neodesha Police Officers knew how to contact Plaintiff and neglected to attempt to contact him. *Id*. at 3. He claims that he was not provided with any notice prior to the move, even though he had just "visited with the Neodesha P.D. a few hrs [sic] before this incident." *Id*. at 4.

Plaintiff claims "[i]llegal towing and seizure of [his] property from private property" in violation of the Fourth Amendment. *Id*. at 5. Plaintiff names as defendants: Bradly Waggoner, a police officer with the Neodesha Police Department; and Samuel Tomlinson, Chief of Police, Neodesha Police Department. Plaintiff seeks "[c]ompensation for Towing and Storage fees and damages [that] occurred during towing and storage" and "compensation for distress." *Id*. at 8.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

3

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. Fourth Amendment

Plaintiff alleges that his travel trailer was illegally towed and seized in violation of the Fourth Amendment.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "By virtue of its 'incorporation' in the Fourteenth Amendment, the right also applies to seizures by state government actors."  *McLinn v. Thomas Cty. Sheriff's Dep't*, 535 F. Supp. 3d 1087, 1100 (D. Kan. 2021) (citation omitted).  The Supreme Court has recognized that "[t]he 'basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.' "  *Hicks v. City and Cnty. of Denver*, 2024 WL 3797403, at *7 (10th Cir. 2024) (unpublished) (citing *Carpenter v. United States*, 585 U.S. 296, 303 (2018) (quoting *Camara v. Mun. Ct. of City and Cnty. of San Francisco*, 387 U.S. 523, 528 (1967))).

Plaintiff fails to argue or provide any evidence suggesting that the towing of his trailer was objectively unreasonable under the circumstances of his case. "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify the action . . . [t]he officer's subjective motivation is irrelevant." *Laidley v. City and Cty. of Denver*, 477 F. App'x 522, 524 (10th Cir. 2012) (unpublished) (citing *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (quotation and alteration omitted)). Plaintiff acknowledges that he had a verbal agreement with the owner of the property who is now deceased, and that the current owner stated that the travel trailer needed to be moved from the property.

Plaintiff fails to allege facts supporting his claim that the seizure was unlawful. He has also failed to allege how the officers were involved in the seizure. In the context of police officer involvement with a private party's repossession of property, the Tenth Circuit has stated that government defendants:

> normally can be held responsible for a private decision only when [they have] exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment.

*Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009), (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004–05, 102 S. Ct. 2777, 73 L.Ed.2d 534 (1982) (citations omitted)). The Tenth Circuit noted that other circuits are in agreement that: "officers are not state actors during a private repossession if they act only to keep the peace, but they cross the line if they affirmatively intervene to aid the repossessor." *Id*. "[T]he overarching lesson of the case law is that officers may act to diffuse a

volatile situation, but may not aid the repossessor in such a way that the repossession would not have occurred but for their assistance." *Id*. at 819; *see also Wood v. Welch*, 2024 WL 288045, at *1 (D. Kan. 2024) (stating that a tow truck is owned by a private party, "[b]ut if police officers intervene in the repossession too substantially, then the repossession can begin to look like state action"). "But '[m]ere approval of . . . a private party is not sufficient to justify holding the State responsible for those initiatives[.]'" *Id*. at *8 (citation omitted). Furthermore, "a police officer's standby presence to observe and maintain the peace at a self-help repossession does not amount to official participation in a repossession or seizure." *Id*. (citation omitted).

Plaintiff has provided no facts showing Defendants' involvement or aid in the incident. Plaintiff provides in his Complaint that "[d]ispatch records will provide a more clear insight of what exactly was going on in this situation." (Doc. 1, at 6.) He claims that he heard the Defendant Officers discussing the tow on the police scanner, but otherwise fails to provide any facts as to how they were involved or assisted the property owner and tow company in moving the trailer.

Plaintiff should show good cause why his Fourth Amendment claim should not be dismissed for failure to state a claim.

**2. Due Process**

Plaintiff has not shown that an unreasonable seizure by state actors occurred. *See McLinn*, 535 F. Supp. 3d at 1100–01 (finding that due process rights require notice and an opportunity to be heard before a state seizure of property occurs, but "[t]hese constitutional restrictions generally apply only to actions taken under color of state or federal law, and for that reason they do not ordinarily apply to the repossession of a vehicle by a private party"). Even if Plaintiff could show that he was entitled to due process, deprivations of property do not deny due

6

process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Plaintiff has an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. Because Plaintiff has failed to show an unreasonable seizure by Defendants, and in any event, the lack of a state post-deprivation remedy, Plaintiff must show cause why his claim should not be dismissed for failure to state a claim.

### 4. Motion for Compensatory Relief

Plaintiff has also filed a Motion for Compensatory Relief, stating that his travel trailer was damaged in the amount of $4,000 and seeking relief in that amount. (Doc. 3, at 1.) Plaintiff also provides an address for service of process on Defendants. This case has not passed screening and is subject to dismissal. Therefore, service is premature and Plaintiff's motion is denied.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for

7

the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Compensatory Relief (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 21, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **January 21, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (24-3181-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED**.

**Dated December 19, 2024, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**