IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL L. BLACKBURN,

    **Plaintiff,**

v.                              CASE NO. 24-3181-JWL

BRADLEY WAGGONER, Police Officer,
Neodesha Police Department, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wilson County Jail in Fredonia, Kansas. Plaintiff has since been released from custody. The Court granted Plaintiff leave to proceed in forma pauperis. On December 19, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until January 21, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the Court's MOSC. In summary, Plaintiff's claims are based on the towing of his camper trailer that was parked on private property. Plaintiff claims "[i]llegal towing and seizure of [his] property from private property" in violation of the Fourth Amendment. (Doc. 1, at 5.) Plaintiff names as defendants: Bradley Waggoner, a police officer with the Neodesha Police Department; and Samuel Tomlinson, Chief of Police, Neodesha Police Department. Plaintiff seeks "[c]ompensation for Towing and Storage fees and damages [that] occurred during towing and storage" and "compensation for distress." *Id*. at 8.

1

The Court found in the MOSC that: Plaintiff failed to argue or provide any evidence suggesting that the towing of his trailer was objectively unreasonable under the circumstances of his case; Plaintiff failed to allege facts supporting his claim that the seizure was unlawful; and Plaintiff failed to allege how the defendant officers were involved in the seizure. The Court ordered Plaintiff to show good cause why his Fourth Amendment claim should not be dismissed for failure to state a claim.

The Court also found that Plaintiff failed to state a due process claim. The Court found that: Plaintiff has not shown that an unreasonable seizure by state actors occurred; even if Plaintiff could show that he was entitled to due process, deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy; and Plaintiff failed to allege that an adequate post-deprivation remedy was unavailable. The Court found that because Plaintiff failed to show an unreasonable seizure by Defendants, and in any event, the lack of a state post-deprivation remedy, Plaintiff must show cause why his claim should not be dismissed for failure to state a claim.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 6, at 8.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 28, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
